115 N.J. Super. 228 (1971)
279 A.2d 112
MARY C. DONALDSON, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE CITY OF NORTH WILDWOOD, CAPE MAY COUNTY, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1971.
Decided June 22, 1971.
*229 Before Judges KILKENNY, HALPERN and LANE.
Mr. John F. Callinan argued the cause for appellant (Messrs. Perskie and Perskie, attorneys).
Mr. Edwin W. Bradway argued the cause for respondent Board of Education of the City of North Wildwood.
Mr. Thomas P. Cook, attorney for New Jersey School Boards Association, field a brief amicus curiae.
*230 Mr. George F. Kugler, Jr., Attorney General of New Jersey, filed a statement in lieu of brief on behalf of State Board of Education (Mrs. Virginia Long Annich, Deputy Attorney General, on the statement).
The opinion of the court was delivered by KILKENNY, P.J.A.D.
Petitioner, a nontenure teacher, had been employed by respondent North Wildwood Board of Education under a contract which expired on June 30, 1969. About January 2, 1969 she was advised by the superintendent of schools of the district that he would not recommend a renewal of her teaching contract for the 1969-1970 term. A renewal contract would have conferred tenure upon petitioner. The superintendent's recommendation not to renew petitioner's contract was accepted by the local board of education; petitioner's contract was not renewed.
Petitioner filed her petition to review the local board's action with the State Commissioner of Education. On August 21, 1969 the Commissioner dismissed the petition upon the ground that it failed to state a claim upon which relief could be granted. Thereafter, on appeal to the State Board of Education, the Commissioner's decision was affirmed. This appeal by petitioner from the final determination of the State Board of Education followed.
The question before us is whether a nontenure teacher whose contract is not renewed, thus precluding her from obtaining tenure under N.J.S.A. 18A:28-1 et seq., has a constitutional right (a) to be furnished with a statement of reasons for the nonrenewal, and (b) to be heard before the board in regard to those reasons.
Zimmerman v. Board of Education, Newark, 38 N.J. 65 (1962), is dispositive of this issue. As stated therein:
Except for statutory conditions, a teacher is retained solely on a contract basis during his probationary employment. At the expiration of an annual contract period, the employment relationship ceases to exist unless a new contract has been entered into. * * * And except to the extent of constitutional or statutory limitations, there is no *231 legal duty on the part of a board to re-employ a teacher at the end of a contract term. [at 75].
Zimmerman cites (at 70) the historical view expressed in cases such as People v. Chicago, 278 Ill. 318, 116 N.E. 158 (Sup. Ct. 1917):
No person has a right to demand that he or she shall be employed as a teacher. The board has the absolute right to decline to employ or to re-employ any applicant for any reason whatever or for no reason at all.
This statement is subject in our State to the statutory right of tenure. It is also subject to the constitutional guarantee against discrimination. No such claim has been made in this case.
Unless and until our Legislature or Supreme Court adopts a different public policy, we feel bound by Zimmerman, supra, and the long standing interpretation of our Education Laws by the State Department of Education to conclude that nontenure teachers have no legal right to a renewal of a teaching contract, or to a statement or explanation of the reasons for nonrenewal, or to a hearing as to the reasonableness of reasons for nonrenewal, absent a showing of unconstitutional discrimination.
The decision of the State Board of Education is affirmed.